Mr. Ed Gran IB Broadmoor Drive Little Rock, Arkansas 72204
Dear Mr. Gran:
This is in response to your request, originally received by this office on October 22, 1998,[1] for certification, under A.C.A. § 7-9-107
(Repl. 1993), of the following popular name and ballot title for a proposed constitutional amendment:
 (Popular Name) AMENDMENT TO ABOLISH AD VALOREM TAXES ON PROPERTY AND TO REPLACE LOST REVENUES
 (Ballot Title) AMENDMENT TO ABOLISH AD VALOREM TAXES ON PROPERTY; TO ABOLISH OFFICES OF ASSESSOR AND COLLECTOR; TO PROVIDE FOR REPLACEMENT OF LOST REVENUE; TO PROVIDE FOR COLLECTION OF DELINQUENT PROPERTY TAXES; TO PROVIDE FOR CONTINUATION OF BONDED INDEBTEDNESS; TO PROVIDE PENALTIES FOR PUBLIC OFFICIALS WHO IN ANY WAY VIOLATE PROVISIONS OF THIS AMENDMENT; TO PROVIDE FOR REPEAL OF PRIOR CONSTITUTIONAL AND STATUTORY PROVISIONS INCONSISTENT WITH THIS AMENDMENT, AND TO PROVIDE FOR SEVERABILITY.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected, and returned to the sponsor with instructions to redesign the proposed measure, ballot title, and popular name. A.C.A. § 7-9-107 (c). If the sponsor feels aggrieved at the actions of the Attorney General in certifying the popular name and ballot title, he or she may petition the Supreme Court for proper relief. A.C.A. § 7-9-107(d).
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions, which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaneyv. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment, which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994),citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990), Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988), Hoban v. Hall, supra, andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citingLeigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960). Changes the proposal would make to current law must be disclosed. Scott v. Priest,326 Ark. 328, 932 S.W.2d 746 (1996); Christian Civic Action Committeev. McCuen, 318 Ark. 241, 884 S.W.2d 605
(1994).
Applying the above precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
 (Popular Name) AN AMENDMENT ABOLISHING TAXES ON PROPERTY AND REQUIRING LEGISLATION TO REPLACE LOST REVENUES
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION ABOLISHING AD VALOREM PROPERTY TAXES, INCLUDING THOSE LEVIED IN THE YEAR OF THIS ELECTION, AND TAXES BY WHATEVER NAME USED, ON REAL AND PERSONAL PROPERTY WITHIN THE JURISDICTION OF THE STATE OF ARKANSAS, POLITICAL SUBDIVISIONS, AND TAXING UNITS THEREOF, INCLUDING PUBLIC SCHOOL, COLLEGE DISTRICTS, AND IMPROVEMENT DISTRICTS BY WHATEVER NAME CALLED, EFFECTIVE DECEMBER 31, AFTER ADOPTION OF THIS AMENDMENT; ABOLISHING THE CONSTITUTIONAL OFFICES OF COUNTY ASSESSOR AND COLLECTOR ON THE EFFECTIVE DATE OF THIS AMENDMENT; REQUIRING THE GOVERNOR, THE FIRST WORKING DAY AFTER ADOPTION OF THIS AMENDMENT, TO CALL A SPECIAL SESSION OF THE LEGISLATURE TO CONVENE NO LATER THAN TEN (10) DAYS AFTER SAID ADOPTION; REQUIRING THE LEGISLATURE TO ENACT LEGISLATION TO REPLACE REVENUES LOST BY THE ABOLITION OF REAL AND PERSONAL AD VALOREM PROPERTY TAXES, BUT NOT TO EXCEED THE AMOUNT OF REVENUES LOST BY ADOPTION OF THIS AMENDMENT BASED ON PROPERTY TAX COLLECTIONS FROM THE MOST RECENT YEAR AVAILABLE AS RESEARCHED AND CERTIFIED BY THE DEPARTMENT OF FINANCE AND ADMINISTRATION; REQUIRING THE LEGISLATURE TO ENACT LAWS TO COLLECT ALL DELINQUENT REAL AND PERSONAL PROPERTY TAXES LEVIED PRIOR TO THE EFFECTIVE DATE OF THIS AMENDMENT, AND TO PROVIDE A MECHANISM, WITHOUT PROPERTY TAXES, TO CONTINUE THE BONDED INDEBTEDNESS OF TAXING UNITS; REQUIRING SUCH LEGISLATION TO BECOME EFFECTIVE ON OR BEFORE JANUARY 1 AFTER ADOPTION OF THIS AMENDMENT; MAKING IT A FELONY FOR ANY PUBLIC OFFICIAL OR EMPLOYEE OF THE STATE OR A POLITICAL SUBDIVISION TO FAIL TO COMPLY WITH THIS AMENDMENT; PROVIDING FOR IMMEDIATE REMOVAL FROM OFFICE OR EMPLOYMENT, LOSS OF ALL RETIREMENT BENEFITS (CONSISTENT WITH PROVISIONS OF THE UNITED STATES CONSTITUTION) AND A MANDATORY SENTENCE OF ONE YEAR AND ONE DAY IN PRISON WITHOUT PAROLE UPON CONVICTION BY A JURY OF SUCH CHARGE; REPEALING ALL CONSTITUTIONAL AND STATUTORY PROVISIONS HERETOFORE INCONSISTENT WITH THIS AMENDMENT; AND PROVIDING FOR SEVERABILITY.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers are enclosed herewith.
Sincerely,
WINSTON BRYANT Attorney General
WB/cyh
[1] After your original submission, you elected to make changes in your proposed measure and ballot title to rectify ambiguities preventing my certification and to resubmit an amended measure and ballot title for my review.